IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILY SOCOLOV,<br><br> Plaintiff,<br><br>   v.<br><br>U.S. DEPARTMENT OF JUSTICE, including Its components OFFICE OF LEGAL COUNSEL and OFFICE OF INFORMATION POLICY, and FEDERAL BUREAU OF INVESTIGATION,<br><br> Defendants. | Civil Action No. 1:19-cv-00419-DAE |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully request entry of summary judgment in their favor.

**I. Defendants Satisfied their FOIA Obligations and Summary Judgment Burden.**

From among the 33,129 pages produced by Defendants in this case, the Parties have narrowed the issues to those few redactions contained on a subset of 597 pages of records. Dkt. 76-1.[1] Defendants' declarations (**Dkt. 66-2** & **Dkt. 83-1**) and *Vaughn* index (**Dkt. 83-7**) provide justifications for the challenged redactions pursuant to FOIA Exemptions 3, 5, 6, 7(C), 7(D), and 7(E). *See* 5 U.S.C. §§ 552 (b)(3), (b)(5), (b)(6), (b)(7)(C), (b)(7)(D), and (b)(7)(E). The Defendants' justifications are well-supported, "logical," and "plausible," and are thus satisfy Defendants' summary judgment burden. *Wolf v. C.I.A.*, 473 F.3d 370, 374–75 (D.C. Cir. 2007).

---

[1] Of the 1,336 pages cited in in Appendix A of the Parties' Stipulation, Defendants released 739 of the pages in full, withheld portions of 411 pages in part, and withheld 186 pages in full pursuant to one or more applicable exemptions or court order. Thus, the redactions on 597 pages remain at issue.

Plaintiff's Response (Dkt. 90) does not raise any issue of fact regarding those justifications. Rather, Plaintiff makes generalized objections to the specificity of Defendants' summary judgment support and re-urges arguments already rejected by this Court. Dkt. 63; Dkt. 71.

### A. Defendants' *Vaughn* Index and Declarations Are Sufficient.

In a bid to defeat summary judgment in one fell swoop, Plaintiff lobs a generalized argument that Defendants' *Vaughn* Index and declarations are insufficiently detailed. Dkt. 90 at 5-8. The Court should reject this argument for three reasons. First, courts have deemed satisfactory indices and declarations with a comparable, if not nearly identical, level of specificity to those offered here.[2] Second, any lack of detail in the index or declarations is a necessary function of the Defendants' obligation to keep the protected information from disclosure while still justifying the redaction. As previously stated in the Motion for Summary Judgment, if requested, Defendants will promptly provide copies of the contested pages to the Court for *in camera* inspection to assess the applicability of the invoked exemption. Third, rather than issuing a *general* holding about the sufficiency of the index and declarations, as Plaintiff seeks, the Court should review the evidence as to *each category* of challenged exemption. The remainder of this Reply proceeds in that manner, on an exemption-by-exemption basis:

---

[2] *See Webster v. U.S. Dep't of Just.*, 2020 WL 1536303, at *5 (D.D.C. Mar. 31, 2020); *Nat'l Sec. Couns. v. Cent. Intel. Agency*, 206 F. Supp. 3d 241, 279 (D.D.C. 2016), aff'd, 969 F.3d 406 (D.C. Cir. 2020); *Callimachi v. Fed. Bureau of Investigation*, 583 F. Supp. 3d 70, 88 (D.D.C. 2022); *Dutton v. U.S. Dep't of Just.*, 302 F. Supp. 3d 109, 123 (D.D.C. 2018). In her Response, Plaintiff objects to Defendants' reliance on *Webster* and *Nat'l Sec. Couns.* because—*at previous stages in those cases*—those respective courts had previously deemed the declarations and indices at issue insufficient. Plaintiff's objection lacks merit. The opinions Defendants cited in the Motion for Summary Judgment reflect the *final* outcome of those cases: that those defendants' declarations and indices were sufficient to satisfy those defendants' summary judgment burden. The declarations and indices at issue there are comparable to the ones offered by Defendants here.

### B. Exemption 3: Information Protected by Statute

Defendants' application of Exemption 3—which exempts information protected by statute—is supported by the summary judgment evidence. 5 U.S.C. § 552 (b)(3). Within this exemption, Defendants applied redactions under two sub-categories.

First, under sub-category **(b)(3)-1**, Defendants explained that disclosure would reveal intelligence sources and methods. Dkt. 83-1, ¶14-15. The FBI is thus prohibited from disclosing this information under 50 U.S.C. § 3024 (i)(1). *See id.; Am. Ass'n of Women, Inc. v. U.S. Dep't of Justice*, 167 F. Supp. 3d 136, 143 (D.D.C. 2016); *Webster v. U.S. Dep't of Just.*, No. CV 02-603 (RC), 2020 WL 1536303, at *5 (D.D.C. Mar. 31, 2020). Second, in sub-category **(b)(3)-2**, the FBI withheld Federal Grand Jury information pursuant to Federal Rule of Criminal Procedure 6(e). Dkt. 83-1, ¶16-17. As explained in the declaration, disclosure of this information would clearly violate the secrecy of the grand jury proceedings. *See Blackwell v. F.B.I.*, 680 F. Supp. 2d 79, 93 (D.D.C. 2010), aff'd, 646 F.3d 37 (D.C. Cir. 2011); *Biear v. United States Dep't of Just.*, No. 3:14-CV-01488, 2020 WL 13830930, at *6 (M.D. Pa. Mar. 9, 2020), report and recommendation adopted as modified, No. 3:14-CV-1488, 2023 WL 4868443 (M.D. Pa. July 31, 2023), aff'd sub nom. *Biear v. Att'y Gen. United States*, No. 23-2557, 2024 WL 837039 (3d Cir. Feb. 28, 2024).

In her Response, Plaintiff argues the FBI's declarations are deficient because the FBI's declarant averred that "*the FBI*" determined Exemption 3 applied, instead of using the "*I*" pronoun. Dkt. 90 at 27. Plaintiff points to no authority requiring FOIA declarations to be in the first person. This objection is meritless, and Defendants are entitled to summary judgment as to this exemption.

### C. Exemption 5: Privileged Information

Defendants' application of FOIA Exemption 5—which exempts inter-agency or intra-agency memorandums or letters that would not be available by law to a party outside of litigation—

is likewise justified.  5 U.S.C. § 552(b)(5); *see also* Dkt. 83-1, ¶¶18-21.  Within this exemption, Defendants applied redactions under two sub-categories.

First, in sub-category **(b)(5)-1**, Defendants protected privileged attorney-client communications.  Dkt. 83-1, ¶¶22-24.  *Kolbusz v. Fed. Bureau of Investigation*, No. CV 17-319 (EGS/GMH), 2023 WL 2072481, at *7 (D.D.C. Feb. 17, 2023); *Jud. Watch, Inc. v. U.S. Dep't of Treasury*, 802 F. Supp. 2d 185, 200 (D.D.C. 2011).  Plaintiff's criticisms of the sufficiency of the declaration are unfounded.  Dkt. 90 at 17-18.  Defendants provided 1.5 pages of detail in the declaration to sufficiently support this privilege, including descriptions of attorney communication within DOJ.  Dkt. 83-1, ¶¶22-24.  Second, in sub-category **(b)(5)-3**, Defendants properly protected privileged, deliberative materials.  Dkt. 83-1, ¶¶25-27;[3] *see Nat'l Sec. Couns. v. Cent. Intel. Agency*, 206 F. Supp. 3d 241, 279 (D.D.C. 2016), aff'd, 969 F.3d 406 (D.C. Cir. 2020).  Contrary to Plaintiff's assertions in her Response (Dkt. 90 at 18-20), Defendants' description of their deliberative process redactions—which included staff providing advice, asking questions within the agency, proposing actions, and/or deliberating to determine a final decision and/or course of action when processing FOIA requests—are detailed and sufficient to warrant summary judgment.

### D. Exemptions 6 & 7(C): Unwarranted Invasion of Personal Privacy

Defendants' invocation of Exemptions 6 and 7(C)—which protect against unwarranted invasions of personal privacy—were also justified and are supported by the evidence.  5 U.S.C. § 552(b)(6), (b)(7)(C).[4]  In applying these exemptions, Defendants determined that the individuals'

---

[3] Here, Defendants withheld intra-agency communications (case notes, search slips, and internal FOIA processing documents) containing information that pertains to deliberations on how best to respond to FOIA requests *prior to* the final agency decisions.

[4] FBI asserts Exemption 6 in conjunction with Exemption 7(C). Although the balancing test for Exemption 6 uses a "would constitute a clearly unwarranted invasion of personal privacy" standard and the test for Exemption 7(C) uses the lower standard of "could reasonably be expected to constitute an unwarranted invasion of personal privacy," the analysis and balancing required by

privacy interests outweighed any public interest in disclosure. Dkt. 83-1, ¶31. The FBI complied with its policies for determining whether the privacy concerns were obviated by the death of the individual and exceeded those requirements by making additional disclosures based on the records provided by Plaintiff. *Id.* ¶¶32-33.[5] Within this exemption, Defendants applied redactions based on <u>five</u> sub-categories.

<u>First</u>, in sub-category **(b)(6)-1 and (b)(7)(C)-1**, Defendants withheld names and identifying information of third parties who were merely mentioned in the investigative records responsive to Plaintiff's requests. Dkt. 83-1, ¶34; *see also Dillon*, 444 F. Supp. 3d at 96; *Am. Ass'n of Women, Inc. v. U.S. Dep't of Just.*, 167 F. Supp. 3d 136, 143 (D.D.C. 2016). <u>Second</u>, within sub-category **(b)(6)-2 and (b)(7)(C)-2**, Defendants withheld names and identifying information of FBI Special Agents and professional staff. Dkt. 83-1, ¶35; *see also Am. Ass'n of Women, Inc.,* 167 F. Supp. 3d at 143. <u>Third</u>, in sub-category **(b)(6)-3 and (b)(7)(C)-3**, Defendants withheld names and identifying information of third parties who were of investigative interest to the FBI. Dkt. 83-1, ¶38; *see also Am. Ass'n of Women, Inc.,* 167 F. Supp. 3d at 143. <u>Fourth</u>, within sub-category **(b)(6)-4 and (b)(7)(C)-4**, the FBI withheld identifying information of third-party individuals who provided information to the FBI during its investigation. Plaintiff has not provided a privacy waiver from the third-parties authorizing release of their information, nor has Plaintiff supplied proof of death; therefore, these individuals maintain substantial and legitimate privacy interests in

---

both exemptions is sufficiently similar to warrant a consolidated discussion. The privacy interests are balanced against the public's interest in disclosure under both exemptions.

[5] Plaintiff argues in the Response that Defendants should be required "to check their own personnel records to see if these individuals are still collecting pensions or if death benefits have been paid." Dkt. 90 at 22-23. This exceeds the agency's obligations under FOIA. It is not the Defendants' standard practice to research every single agent to confirm whether death benefits or pensions have been paid. In any event, the absence of pension payments would not necessarily establish death status of the individual. More fundamentally, the large scale of the Defendants' FOIA production does not allow for this kind of resource-and-time intensive research as to every name the reviewers encounter.

not having their cooperation or connection to FBI law enforcement matters disclosed. Dkt. 83-1, ¶39; *see also Am. Ass'n of Women, Inc.,* 167 F. Supp. 3d at 143.  <u>Fifth</u>, in sub-category **(b)(6)-5 and (b)(7)(C)-5**, the FBI withheld names and identifying information of personnel from non-FBI, federal, government agencies who provided information. Dkt. 83-1, ¶39.  The rationale for protecting the identities of other government employees is the same as the rationale for protecting the identities of FBI employees.  *Id.* ¶¶35-37. *See Am. Ass'n of Women, Inc.,* 167 F. Supp. 3d at 143.  Defendants satisfied their summary judgment burden as to this category of exemptions.

### E. Exemption 7(D): Confidential Source Information

Defendants were also justified in their application of Exemption 7(D), which exempts from disclosure records compiled for law enforcement purposes under certain circumstances.  5 U.S.C. § 552(b)(7)(D).  Defendants applied Exemption 7(D) redactions in several sub-categories. *See* Dkt. 83-1, ¶10.[6]

<u>First</u>, as discussed in prior briefing, in sub-category **(b)(7)(D)-1**, Defendants provided the FBI's justification for withholding confidential source symbol numbers. Dkt. 66; Dkt. 71.  The same justification and analysis apply now. *See* Dkt. 66-2, ¶¶ 22-23; Dkt. 83-1, ¶46; *see also Pickering v. U.S. Dep't of Just.*, No. 19-CV-001F, 2021 WL 5810396, at *16 (W.D.N.Y. Dec. 7, 2021); *Canning v. U.S. Dep't of Just.*, No. CV 11-1295(GK), 2017 WL 2438765, at *10 (D.D.C. June 5, 2017).  <u>Second</u>, in sub-category **(b)(7)(D)-2**, Defendants protected names, identifying information of, and information provided by third parties to the FBI under express grants of confidentiality. Dkt. 83-1, ¶¶47-50.  The FBI found evidence these individuals either requested

---

[6] Importantly, Plaintiff has already challenged a sample set of Defendants' Exemption 7(D) redactions (Dkt. 63), and this Court denied Plaintiff's Motion, writing that Defendants reasonably demonstrated how (1) permanent source symbol numbers given to FBI confidential human sources and (2) information provided to the FBI by a foreign government agency under an express assurance of confidentiality falls within Exemption 7(D). Dkt. 71 at 8-14.

their identities not be revealed; and/or FBI investigators would have, by standard practice, expressly promised these third parties their identities and the information they provided would remain confidential based on ***positive indicators*** they were official FBI informants. *Id.* ¶49; *see also Callimachi v. Fed. Bureau of Investigation*, 583 F. Supp. 3d 70, 88 (D.D.C. 2022).  <u>Third</u>, in sub-category **(b)(7)(D)-3**, Defendants provided justification for withholding information provided to the FBI by a foreign government agency under an express assurance of confidentiality. This Court previously held Defendants properly applied Exemption 7(D). Dkt. 71. The same justification applies here. *See* Dkt. 66-2, ¶24; *see also* Dkt. 83-1, ¶51; *Property of the People, Inc. v. Dep't of Justice*, 539 F. Supp. 3d 16, 27 (D.D.C. 2021); *Pickering*, 2021 WL 5810396, at *16. <u>Fourth</u>, in sub-category **(b)(7)(D)-4**, Defendants protected the names, identifying information of, and information provided by individuals where confidentiality can be inferred. Dkt. 83-1, ¶¶52-55; *see U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 179 (1993). <u>Fifth</u>, in sub-category **(b)(7)(D)-5**, Defendants withheld information provided by a state or local law enforcement agency under an implied assurance of confidentiality. Dkt. 83-1, ¶¶56-57; *see also Williams v. FBI*, 69 F.3d 1155, 1160 (D.C. Cir. 1995). <u>Sixth</u>, in sub-category **(b)(7)(D)-7**, Defendants properly withheld information to protect the names, identifying data, and information provided by employees of commercial and financial institutions under implied assurances of confidentiality. Dkt. 83-1, ¶¶58-61; *see also Fitzgibbon v. U.S. Secret Serv.*, 747 F. Supp. 51, 59 (D.D.C. 1990). <u>Seventh</u> in sub-category **(b)(7)(D)-8,** Defendants protected the confidential source file numbers of permanent Confidential Human Sources (CHSs). Dkt. 83-1, ¶¶62-63; *see also Schoenman v. FBI*, 763 F. Supp. 2d 173, 200 (D.D.C. 2011); *Skinner v. U.S. Dep't of Justice*, 744 F. Supp. 2d 185, 212 (D.D.C. 2010).

Plaintiff asserts—without support—that simply because a document is described in the *Vaughn* index as a "[t]ranscript of recorded conversations," it is necessarily a wiretap unprotected by 7(D). Dkt. 90 at 11. This is not so. Plaintiff also asserts—without support—that all T-symbols are illegal wiretaps. *Id.* at 14. Again, that is not the case.

### F. Exemption 7(E) Investigative Techniques and Procedures

Defendants' invocation of Exemption 7(E)—which protects investigative techniques and procedures—were likewise justified and are supported by the summary judgment evidence. 5 U.S.C. § 552(b)(7)(E); Dkt. 83-1, ¶¶64-66. Within this exemption, Defendants applied redactions under <u>five</u> sub-categories.

<u>First</u>, in the prior round of briefing, Defendants provided justification for withholding under sub-category **(b)(7)(E)-1**. Dkt. 66-2, ¶¶25-28; Dkt. 66 at 6-9. This Court held that the FBI properly withheld the information. Dkt. 71 at 6-8. The same justification and analysis apply here. Dkt. 66-2, ¶¶25-28; *see also Blackwell v. F.B.I.*, 646 F.3d 37, 42 (D.C. Cir. 2011); *Bradley v. Internal Revenue Serv.*, No. 5:17-CV-737-DAE, 2019 WL 4980459, at *7 (W.D. Tex. Aug. 5, 2019). In her Response, Plaintiff offers no information or argument warranting reconsideration. <u>Second</u>, in sub-category **(b)(7)(E)-3**, the FBI properly withheld secure fax numbers and telephone numbers of FBI personnel. Dkt. 83-1, ¶68.; *see also Light v. Dep't of Just.*, 968 F.Supp.2d 11, 29 (D.D.C.2013); *Ortiz v. United States Dep't of Just.*, 67 F. Supp. 3d 109, 123 (D.D.C. 2014). <u>Third</u>, in sub-category **(b)(7)(E)-4**, Defendants correctly withheld the methods the FBI uses to collect and analyze information it obtains for investigative purposes, including internal FOIA processing documents. Dkt. 83-1, ¶69. <u>Fourth</u>, in sub-category **(b)(7)(E)-5,** Defendants correctly protected the identities of public databases used in non-public ways to gather investigative information and the identities of sensitive non-public databases used for official law enforcement purposes by the

FBI. Dkt. 83-1, ¶70; *see also Callimachi v. Fed. Bureau of Investigation*, 583 F. Supp. 3d 70, 91 (D.D.C. 2022); *New York Times Co. v. U.S. Dep't of Just.*, No. 16 CIV. 6120 (RMB), 2017 WL 4712636, at *27 (S.D.N.Y. Sept. 29, 2017). <u>Fifth</u>, in sub-category **(b)(7)(E)-6**, the FBI appropriately protected the investigative focuses of specific FBI counterintelligence and espionage investigations. Dkt. 83-1, ¶¶73-75; *see also Gatson v. Fed. Bureau of Investigation,* No. CV 15-5068, 2017 WL 3783696, at *14 (D.N.J. Aug. 31, 2017), aff'd, 779 F. App'x 112 (3d Cir. 2019).

### G. Segregability

Defendants satisfied their segregability obligations under FOIA. Defendants processed all records responsive to Plaintiff's requests to achieve maximum disclosure consistent with the access provisions of the FOIA. Dkt. 83-1, ¶7; *see also Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). Plaintiff attached hundreds of pages to their Response, mostly unredacted or with very few redactions. Plaintiff's own exhibits demonstrate that, even on the pages in question, Defendants released most of the requested information in compliance with their segregation obligations to achieve maximum disclosure.

### II. Plaintiff Improperly Embeds a Cross-Motion for Summary Judgment and a Motion to Reconsider Within Her Response.

Finally, Plaintiff improperly includes a (1) Cross-Motion for Summary Judgment and (2) Motion to Reconsider within her Response to Defendants' Motion for Summary Judgment. Dkt. 90 at 5-6, 30-31. Plaintiff's Cross-Motion for Summary Judgment violates the scheduling order in this case. Because Plaintiff's Motion for Partial Summary Judgment had already been denied (Dkt. 71), the Court ordered that after Defendants filed their Motion for Summary Judgment, Plaintiff was required to "notify (via email) counsel for Defendants if she intends to file a cross-motion for summary judgment and . . . jointly propose an amended scheduling order setting out any additional briefing deadlines not included herein." Dkt. 77 at 4. Plaintiff never notified

Defendants of an intention to cross-move for summary judgment. Indeed, on May 24, 2024, Counsel for Plaintiff informed Defendants that "Dr. Socolov does not intend to cross move for summary judgment, but will be filing an opposition to the defendants' motion for summary judgment." **Exhibit 1.** Under these circumstances, Plaintiff's new request for entry of judgment in her favor (Dkt. 90 at 5-6, 30-31) is a cross-motion in violation of the Court's scheduling order. Dkt. 77 at 4. In any event, Plaintiff has not met—or even attempted to meet—her summary judgment burden. The Court should deny Plaintiff's improperly embedded Cross-Motion for Summary Judgment.

Moreover, Plaintiff's Motion for Reconsideration violates the filing rules of this district. Pursuant to Section 12(3) of the Administrative Policies and Procedures for Electronic Filing in Civil and Criminal Cases, "[e]ach filing must consist of only one pleading. Multiple pleadings (e.g., an answer and a motion to dismiss, or a notice of appeal and a motion for certificate of appealability) must be filed as separate documents." Setting aside the procedural deficiencies, Plaintiff does not point to any error or mistake warranting reconsideration of the Court's disposition of the "Opposed Motion Pursuant to Scheduling Order Paragraph 5(b) to Resolve Issues as to Defendants' Improper Invocation of FOIA Exemptions in its Production of Documents." The Court should deny Plaintiff's embedded Motion to Reconsider.

## CONCLUSION

Because Defendants have presented declarations, *Vaughn* indices, and legal authority sufficient to support their invocation of the challenged exemptions, Defendants respectfully request that the Court grant summary judgment in their favor.

Dated: September 18, 2024                    Respectfully submitted,

**Jaime Esparza**
United States Attorney

By:    */s/ Liane Noble*
**Liane Noble**
Assistant United States Attorney
State Bar No. 24079059
U.S. Attorney's Office
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
(512) 370-1252 (phone)
(512) 916-5854 (fax)
Liane.noble@usdoj.gov

***Attorneys for Defendants***