IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EMILY SOCOLOV,<br><br>    Plaintiff,<br><br>       v.<br><br>U.S. DEPARTMENT OF JUSTICE, including Its components OFFICE OF LEGAL COUNSEL and OFFICE OF INFORMATION POLICY, and FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendants. | Civil Action No. 1:19-cv-00419-DAE |

**DEFENDANTS' REPLY IN SUPPORT OF
RENEWED MOTION FOR SUMMARY JUDGMENT**

This Freedom of Information Act ("FOIA") case is narrowed to one issue: Exemptions 6 and 7(C) as applied to deceased individuals. *See* Dkt. 103 at p. 2 (conceding that Exemption 5 for deliberative process privilege is no longer at issue). Moreover, Plaintiff does not challenge withholding unique employee identification numbers for FBI employees. Dkt. 103 at p. 8.

To be clear, Defendants have not used Exemptions 6 and 7(C) to withhold information as to deceased individuals. Therefore, there is no need to evaluate whether the exemptions were properly applied to deceased individuals. Plaintiff's opposition is an attempt to re-litigate the application of Exemptions 6 and 7(C) to living individuals. The Court already decided that issue. Dkt. 95.

1

**ARGUMENT**

**I.     Exemption 5: Deliberative Process Privileged Information**

Plaintiff has conceded summary judgment as to Exemption 5. Dkt. 103 at p. 2. The Court should thus grant summary judgment as to this issue.

**II.    Exemptions 6 & 7(C): Clearly Unwarranted/Unwarranted Invasion of Personal Privacy for Deceased Individuals**

     A.  *Defendants Made Proper Efforts to Ascertain Life Status*

Defendants are not withholding any information based on Exemptions 6 and 7(C) for individuals that are deceased or presumed to be deceased. Dkt. 102-2, ¶¶ 14–15; Ex. 3, ¶ 5. This determination is based on the hundred-year rule, the FBI's research, and the materials that Plaintiff provided showing the death of some individuals. Dkt. 102-2, ¶¶ 12–16. Plaintiff relies heavily on the proposition, without citation to legal authority, that Defendants have the burden to definitively prove someone is living or dead. Such a proposition is contrary to the approach courts have routinely taken.

Although there is no bright-line rule regarding the steps that an agency must take to determine if an individual is living or deceased, the D.C. Circuit has endorsed basic steps an agency should take before invoking Exemptions 6 and 7(C). *See Johnson v. EOUSA*, 310 F.3d 771, 775–76 (D.C. Cir. 2002). "The government's obligation in this regard is to make a reasonable effort to ascertain life status." *Davis v. DOJ*, 460 F.3d 92, 98 (D.C. Cir. 2006) (internal marks omitted). If an agency takes those steps, an individual is presumed to be alive. *Piper v. U.S. Dep't of Just.*, 428 F. Supp.2d 1, 4 (D.D.C. 2006), *aff'd sub nom.* 222 F. App'x 1 (D.C. Cir. 2007) (finding "no reason to think anyone named [in FOIA request] is deceased under the 100 year standard"). The agency does not have to confirm whether someone is still alive. *Johnson*, 310 F.3d at 775–76 (upholding reasonable steps taken, even though agency could not confirm if individuals were alive); *Kuzma*

*v. U.S. Dep't of Just.*, No. 16-CV-347, 2022 WL 4345441 at *2 (W.D.N.Y. Dept. 19, 2022) (upholding steps despite FBI being unable to verify whether individuals were deceased).

The D.C. Circuit has endorsed use of the 100-year rule as reasonable. *Schrecker v. U.S. Dep't of Just.*, 349 F.3d 657, 665 (D.C. Cir. 2003); *Piper*, 428 F. Supp.2d at 4; *see also Schoenman v. FBI*, 576 F. Supp.2d 3, 10 (D.D.C. 2008) ("The D.C. Circuit has concluded that the 100-year rule is, as a general matter, a reasonable prophylactic presumption."). "The 100-year rule presumes that an individual is dead if his or her birth date appears in a responsive record and is more than 100 years old." *Piper*, 428 F. Supp.2d at 4 (quoting *Schrecker*, 349 F.3d at 660) (cleaned up).

In addition to the application of the 100-year rule, courts have found several practices to be reasonable for determining life status. Courts have found searches of the FBI personnel system to be reasonable. *Schoenman*, 576 F. Supp.2d at 10. Courts have also endorsed the use of institutional knowledge gained from prior FOIA requests. *Schoenman*, 576 F. Supp.2d at 10; *Summers v. U.S. Dep't of Just.*, 517 F. Supp.2d 231, 243 (D.D.C. 2007). Likewise, the use of publications and other databases has been found to be reasonable, without mandating a specific database. *Kuzma*, 2022 WL 4345441 at *2; *Summers*, 517 F. Supp.2d at 243.

The First Hammer Declaration made clear that Defendants followed the processes courts have previously endorsed for ascertaining life status. Dkt. 102-2, ¶¶ 12–16. With one exception, the *Vaughn* index previously supplied with the Third Seidel Declaration did not require any changes to comply with the Court's prior Order on summary judgment regarding Exemptions 6 and 7(C). Ex. 3, ¶ 6. To the extent that the *Vaughn* index supplied in this briefing (ECF No. 102-3) contained assertions of Exemptions 6 and 7(C), these assertions are only listed in the *Vaughn* index because they appear on the pages at issue containing Exemption 5.[1] *Id.*

---

[1] Defendants discovered the name of an FBI employee in the top right corner of Bates page FBI(19-cv-419)-6980 was mistakenly coded with Exemption category (b)(6)-1 and

3

### B. *Unique Employee Identifiers are Properly Withheld and Identified*

Plaintiff agrees with the redaction of unique employee identification numbers. Dkt. 103 at p. 8. Plaintiff, however, takes issue with how Defendants identified those redactions. *Id.* To assuage Plaintiff's purported confusion, Defendants note that the exemptions are placed near the redaction block to which they apply. Ex. 3, ¶ 9. For classification blocks on the released in part pages, the text of the block is released except for the identifiers. *Id.* In contrast, for any employee names withheld, those are in the substantive portions of the pages. *Id.* The exemption and coded category appear next to the paragraph or other information on the page where the redaction block was placed. *Id.* The context of the unredacted portions of these pages should make it clear whether the redaction is a name or unique employee identification number.[2]

The Court already granted summary judgment on the propriety of Defendants' application of Exemptions 6 and 7(C) to non-deceased individuals. Defendants' declarations and index show that it did not apply these redactions to deceased individuals. The Court should grant summary judgment on this remaining issue.

### III. Segregability

Defendants have satisfied their segregability obligations under FOIA by producing documents in part and making only minimal, necessary redactions. Plaintiff has not disputed segregability in opposition to Defendants' summary judgment motion. Therefore, the Court should grant Defendants' motion as to the segregability issue.

---

(b)(7)(C)-1 when it should have been coded as (b)(6)-2 and (b)(7)(C)-2. Ex. 3, ¶ 7. This was a typographical error. *Id.* In correcting this typographical error, Defendants determined that this name was previously released and can also be released on this document. *Id.* Defendants have produced the document with the redaction removed. Ex. 3A.

[2] There are only five pages withheld in full from prior to the year 2000 that contain implicated redactions. This means that the context would be lacking to distinguish between names and identification numbers. However, since those pages were withheld in full based on an exemption not in dispute in this case, the issue is moot.

## CONCLUSION

Plaintiff has conceded summary judgment on the Exemption 5 deliberative process issue. Plaintiff has conceded summary judgment on the redaction of unique employee identification numbers for FBI employees under Exemptions 6 and 7(C). Defendants have presented declarations, *Vaughn* indices, and legal authority to support their efforts to ascertain life status for Exemptions 6 and 7(C) and did not apply these redactions to deceased individuals. For the reasons stated in the Motion for Summary Judgement, this Reply, and in the referenced exhibits, Defendants respectfully request that the Court grant summary judgment in their favor.

Dated: July 17, 2025                                  Respectfully submitted,

                                                  **Justin R. Simmons**
                                                  United States Attorney

By:   */s/ Matthew Mueller*
        **Matthew Mueller**
        Assistant United States Attorney
        State Bar No. 24095592
        U.S. Attorney's Office
        903 San Jacinto Blvd., Suite 334
        Austin, Texas 78701
        (512) 370-1262 (phone)
        (512) 916-5854 (fax)
        Matthew.Mueller@usdoj.gov

        *Attorneys for Defendants*